**103 P.2d 113**

## TURLEY v. TURLEY.

### No. 4469.

Supreme Court of New Mexico.

June 1, 1940.

Rehearing Denied June 13, 1940.

Barnes & Corey and Owen J. Mowrey, all of Albuquerque, and J. D. Mell, of Santa Fe, for appellant.

Merritt W. Oldaker, Melvin D. Rueckhaus, Owen B. Marron, and Gino J. Matteucci, all of Albuquerque, for appellee.

BRICE, Justice.

This action was instituted for divorce and to recover debts alleged to be due the plaintiff (appellee here) from defendant. The defendant denied generally the allegations of the complaint, and by cross-action alleged that under the terms of a prenuptial contract he was entitled to one-half of the rents, issues and profits which accrued from the plaintiff's separate property; regarding which he prayed for an accounting.

The plaintiff was decreed a divorce and judgment for $120 for the balance due on a loan. Defendant was denied relief on his cross-action.

There was substantial evidence to support the court's decree. The issues on defendant's cross-action may be determined by a construction of the prenuptial contract.

At the time the parties were married, the plaintiff was the owner of property of the approximate value of $65,000, and the defendant had no property of any substantial value.

The question is whether by the terms of a prenuptial contract the defendant is the owner of one-half of the rents, issues, and profits that accrued during their marriage from plaintiff's separate property. The parties have no community property. The provisions of the contract, material to a decision, are as follows:

"Whereas, each and both of the said parties hereto now possess, hold and own various and sundry things of value, interests, rights, estates and property, both real, personal and mixed, and each of said parties reserves severally to himself and to herself all rights therein, and to continue to retain, hold, manage, enjoy, develop and dispose of things of value and property in

the same manner, form and freedom as completely and entirely as if he and she had remained unmarried and, as between themselves individually, the said parties desire and wish to remove all and singular any legal disabilities imposed through or by virtue of the legal status of marriage with respect to their several individual things of value and property owned or held now by either of them or that at any subsequent time may, as hereinafter specified, come into Community Property, as such in law, and no rights of jointure, dower, courtesy or anything in the nature thereof in connection with their said things of value, interests, rights, estates and property, of any and all classes or natures; * * *

"That any and all gain, profit, interest, things of value and/or property had, received or acquired by both or either of said parties hereto at any time during the continuance of these Articles of Agreement, in addition to the said things of value, interests, rights, estates and property of each and both of the parties hereto at the date hereof or as may come as bequests of gifts to either of said parties, shall be divided and separated by and between said parties hereto, share and share alike and equally, to be then and thereafter retained, held, managed, enjoyed, developed and disposed of, as herein specified, as his or her own several, separate and individual things of value and property, and/or until such division and separation such gains, profits, interest, things of value and property shall be held by either or both of said parties hereto in trust for the mutual use and benefit of each and both of said parties; Provided, that neither of the said parties shall pledge or imperil the credit, name, interests, rights, estate, things of value and/or property of the other party hereto without the specific consent thereto in writing of the other said party.

"That in case both or either party hereto shall in any manner put any money, things of value and/or property into any business or venture or transaction, same shall be settled and repaid in full before any gains or profits may be reckoned therefrom."

■ The defendant is a lawyer and he drew the contract and is responsible for its ambiguities. The plaintiff had no independent legal advice and relied upon the defendant to correctly reduce their agreement to writing. Under the circumstances the ambiguities should be resolved in her favor.

■ The court found, and we think correctly, that the parties themselves had construed the contract to mean that neither of them should have any right, title or interest in the other's separate property, including the rents, issues, and profits thereof. We think that such construction is permissible, though the meaning is quite obscure.

Such intention was expressed in the preamble of the contract, wherein it was stated in substance that each of the parties reserved all of his or her rights, estates, etc., to himself or herself, "as if he and she had remained unmarried." No other intention could be deduced from this language.

The object of making the contract, as expressed in its preamble, was to remove any legal disability imposed by the legal status of marriage with respect to their separate property, and that might thereafter affect their community property. If the defendant's construction of the contract is correct, then the result would be just the opposite of the intention so expressed.

The language "any and all gain, profit, interest, things of value * * * received or acquired by both or either of said parties" while the contract was in force, had reference to community property, as may be inferred from the language of the preamble, and that following it. It had reference to property "in addition to (other than) things of value, interests, rights, estates and property of each" of the parties owned at the date of the contract, which were reserved to the owner.

True, rights, issues and profits of her separate property had not accrued at that time, but her right thereto was a property right and existed at that time.

The language, "That in case both or either party hereto shall in any manner put any money, things of value and/or property into any business or venture or transaction, same shall be settled and repaid in full before any gains or profits may be reckoned therefrom," necessarily had reference to community property only. Otherwise it is inconsistent with the expressed intention of the parties to reserve to each all right in their separate property, with the right "to continue to retain, hold, man-

age, enjoy, develop and dispose of things of value and property, in the same manner, form and freedom, as completely and entirely as if he and she had remained unmarried."

That part of the contract which provided that gains, profits, etc., shall be divided and separated between the parties equally and thereafter to be retained, held, managed and enjoyed by such party "as his own or her own several, separate and individual things of value and property" indicates the intention that the community property as it accrued should be divided between the parties equally, and thereupon become the separate property of the respective parties.

Taking the language as a whole, construed favorably to the interests of plaintiff, we can consistently deduce therefrom that it was agreed that each of the parties should retain all of his or her rights, interests and property, owned at the time of marriage; and manage, enjoy and control the same as though unmarried. That the community property as it accrued should be divided equally between the parties, and thereby become separate property. But if for any reason it was not so divided, then the person holding title thereto was constituted a trustee for both in respect thereto.

But assuming defendant's construction of the contract is correct, still under the findings of the court the decree must be affirmed. The court found that the present value of the plaintiff's property is approximately $50,000, showing a clear loss

since she married of $15,000. Defendant contended that some $26,000 profit was made in investments in Albuquerque property. But the court found that such property is of no greater value now than the original cost, taking into consideration expenses in connection with its care, paving cost, taxes and deterioration. We cannot say that this conclusion is not correct. The judgment of the district court is affirmed, and

It is so ordered.

BICKLEY, C. J., and ZINN, and SADLER, JJ., concur.

MABRY, J., did not participate.